# GARRABRANDT

*v.*

# BOSTON MOLASSES COMPANY.

San Juan, Law, No. 1416.

RES JUDICATA.

Entire Case—Damages.

    If a suit is brought on a contract as an entirety, the fact that proof cannot be had of part of the claim does not entitle the plaintiff to sue afterwards for that part. His remedy upon the entire contract is exhausted.

Opinion filed January 20, 1921.

*Mr. Francis* for plaintiff.

*Mr. Hartzell* for defendant.

HAMILTON, Judge, delivered the following opinion:

The plaintiff sues upon a contract of September 15, 1915, as amended April 4, 1916, and the complaint in ¶ XII. shows that a verdict of $5,000 was awarded plaintiff for loss of profits during the years 1917 and 1918, damages being limited to the years 1917 and 1918, upon motion of the defendant, on the ground that it was impossible to determine the cost for a later period. There was a suit No. 1295 [11 Porto Rico Fed. Rep. 343] for losses during the year 1919, but it was afterwards

### Garrabrandt v. Boston Molasses Co.

dismissed by the plaintiff. The present suit is for loss of profits during this same year 1919.

The demurrer filed sets up the plea of res judicata. The demurrer in No. 1295 on the same ground was denied because it did not appear in that suit that there had been the previous suit embracing the whole subject of the contract. Does the same point apply in the suit at bar?

While the present suit does not say in so many words that the first was on the whole contract, still a fair construction of it leads to that conclusion. It says that a verdict of $5,000 was recovered for 1917 and 1918 because it was impossible to determine what should be recovered for 1919. This could not have happened unless complaint had also covered 1919. In other words, construing the complaint against the pleader, it seems that the complaint was on the whole contract and that the limitation of the verdict was because of defect of evidence as to 1919, or rather because it was impossible to determine what would be the loss and gain for that year then in the future. The situation in the present case is different, therefore, from what it was in No. 1295 when the previous opinion was filed.

The principle is that where a suit is on an entire contract it cannot be split into several actions, but that suit even for a part exhausts the plaintiff's remedies. The only question in the case at bar is whether this principle applies when on account of world conditions it is impossible to prove damages for the future, and so the law, rather than the plaintiff, limits the recovery to the present. Does that situation bar him for the future and prevent his bringing suit for the later period? It must be held that such is the result. There was no compulsion upon the plaintiff to sue when he did. He could have waited

Garrabrandt v. Boston Molasses Co.

until the expiration of the contract, or if no time was fixed, then until such date as he thought would be sufficient to recover the contract. In other words, whenever he brought his suit, and whatever he claimed in it, that ended his remedies. If he chose to bring it at a time when it was impossible to estimate any future gain and loss, it was his own doing, and he cannot complain of the result. The pleadings and the record in the case in which a verdict was recovered are not limited to any particular time. On its face the complaint was for the whole time, and the verdict and judgment specify no limitation of time, so far as now appears. The fact that there was a defect of proof so that the plaintiff could not recover all he sought is something which may come up in any case. A plaintiff very frequently recovers less than what he seeks in his complaint; but that does not change the fact that he has claimed under the whole contract, and there can be but one recovery under one contract. A cause of action and the damages recoverable therefor are an entirety. A plaintiff cannot split the cause of action and bring successive suits for parts, because he may not be able at first to prove all the items of the demand, or because all the damages have not been suffered. Recovery in the first suit would be a bar to a second action. Sutherland, Damages, 4th ed. 371–381; Seddon v. Tutop, 6 T. R. 607, 101 Eng. Reprint, 729, 1 Esp. 401, 3 Revised Rep. 274; 8 R. C. L. 550.

The demurrer is sustained.

It is so ordered.